Case 4:20-cv-03944 Document 4 Filed on 01/08/21 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 11, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, | § | |
| (TDCJ-CID #1924603) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-20-3944 |
| | § | |
| ALEXANDER BUNIN, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Martin Vasquez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in October 2020, alleging civil rights violations resulting from a denial of due process. Vasquez has not paid the filing fee. From his litigation history, the Court presume he seeks leave to proceed as a pauper. Vasquez, proceeding pro se sues Alexander Bunin, Chief Public Defender; Charles Bacarisse, Harris County District Clerk; Bobby Lumpkin, Director of the TDCJ-CID; and David Gutierrez, Chairman, Texas Board of Pardons and Paroles.

The threshold issue is whether Vasquez's claims should be dismissed as barred by the statute of limitations or as frivolous.

**I.    Vasquez's Allegations**

Vasquez explains that he was arrested in 1987, and he was convicted in 1991. Liberally construed, he states that he received probation that was revoked in 1997. He states that the statute requiring sex offender registration was not in effect when he was arrested in 1987. Vasquez asserts that the defendants violated his right to a fair trial. He complains that the evidence was insufficient

O:\RAO\VDG\2020\20-3944.a01.wpd

to support his conviction. He argues that he is falsely imprisoned.

Online records show that Vasquez was convicted of sexual assault of a child in Cause Number 548808 in 1989. He was later convicted of failure to register as a sex offender in Cause Number 861633 in 2000.

## II.     Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany,* 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Stra1ub,* 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann,* 198 F.3d 153, 156-57

(5th Cir. 1999)(quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson,* 951 F.2d 681, 684 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2018). Vasquez's claims clearly arose when he was convicted of sexual assault of a child in 1991 and failure to register as a sex offender in 2000. Vasquez did not file this suit until October 2020, almost twenty-seven years after limitations had run regarding his 1991 conviction and eighteen years after limitations had run as to his 2000 conviction.

The statute of limitations bars Vasquez from asserting his civil rights claims against the named defendants. Vasquez's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). Alternatively, the Court finds that Vasquez's claims are barred by the doctrine announced in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Under *Heck*, the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Vasquez's complaint is that he was improperly charged and convicted of sexual assault of a child and failure to register as a sex offender. The complaint

challenges his conviction based on trial court error, prosecutorial misconduct, and insufficiency of the evidence.

A ruling granting Vasquez the relief which he seeks would necessarily implicate the validity of his convictions in Cause Numbers 548808 and 861633 and inevitably affect the duration of his confinement.

Under *Heck,* Vasquez must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Vasquez cannot make such showing. He has not alleged that his convictions in Cause Numbers 548808 and 861633 have been reversed, invalidated or otherwise expunged.

Until Vasquez receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Vasquez's claims challenging his convictions for sexual assault of a child and failure to register as a sex offender are "legally frivolous" within the meaning of sections 1915(e)(2) and § 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Vasquez's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

O:\RAO\VDG\2020\20-3944.a01.wpd

### III. Conclusion

Vasquez's constructive Motion to Proceed *In Forma Pauperis,* (Docket Entry No. 1), is GRANTED. The action filed by Martin Vasquez (TDCJ-CID Inmate #1924603) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Vasquez's motion for the appointment of counsel, (Docket Entry No. 3), is DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Vasquez's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on January 8, 2021.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

O:\RAO\VDG\2020\20-3944.a01.wpd